NATHAN H. STOKES vs. SARAH MIDDLETON AND OTHERS.

1. J. M. and wife executed to J. S. a deed, by which they conveyed to the grantee all the real and personal estate of the grantors, upon the special trust that the grantee would immediately proceed to sell so much of the estate conveyed as would be sufficient to pay all the then existing debts of J. M., and hold the residue thereof in trust for his wife and children, as designated in the deed. *Held,* that the deed was a deed of bargain and sale, and vested in the grantee the absolute legal estate in the premises, and was not an assignment for the equal benefit of creditors under the act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors.

2. The statute providing for an assignment for the benefit of creditors was designed to secure an equal and just distribution of the estate of an insolvent debtor among his creditors, and to secure to the debtor a discharge of his debts from all the creditors who consent to receive a dividend of the debtor's property.

3. Where a trustee holds the legal title, and is authorized to sell the premises for certain purposes, the estate in his hands has all the properties and incidents of legal ownership, and any conveyance made by him will vest in the grantee a clear legal title; and although the trustee, in making the sale, acts in violation of the trust, yet the legal estate passes by the conveyance, and is vested in the grantee.

4. Previous to the act in *Nix. Dig.* 575, § 17, there was no law authorizing a report of sale made by commissioners in cases of partition to be recorded, nor making a certified copy of such report by the clerk of the Court of Common Pleas evidence.

5. Where a party claims title under a deed made by commissioners on a sale under proceedings for partition, it is not necessary to show the regularity of the proceedings previous to the order confirming the sale. In confirming the sale, and ordering the deed to be made, the court act as a court of general jurisdiction, and the regularity of the previous proceedings and validity of the order cannot be inquired into collaterally.

6. In proving title under a deed made by virtue of an order or judgment of a court, if it appear that the court had jurisdiction of the subject matter, it is sufficient to prove the order or judgment which authorizes the deed to be made; and it is not necessary to prove the regularity of the proceedings previous to the order or judgment.

In ejectment, on case certified from Burlington circuit.

Argued before the CHIEF JUSTICE and Justices VREDENBURGH and WHELPLEY.

*Merritt* and *Browning*, for plaintiff.

*Stratton* and *Wood*, for defendants.

The opinion of the court was delivered by the

CHIEF JUSTICE. The first question certified for the advisory opinion of this court relates to the validity of the deed from Isaac Stokes to David Claypole, bearing date on the 28th of February, 1837, which constitutes one of the links in the plaintiff's chain of title. Stokes, the grantor, held the land as trustee under a deed from Joel Middleton and wife to him, bearing date on the 12th of May, 1829. This deed to Stokes conveys all the real and personal estate of the grantors to the grantee upon the special trust that he will immediately proceed to sell so much of the estate conveyed as will be sufficient to pay all the then existing debts of Joel Middleton, the grantor, and hold the residue thereof in trust for the benefit of his wife and children, in the mode specially designated in the deed. It is objected, first, that this deed to Stokes was an assignment for the equal benefit of his creditors under the act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors (*Nix. Dig.* 27), and that no conveyance could be lawfully made by the assignee, except in the mode designated by that act.

The deed itself is a deed of bargain and sale, operating under the statute of uses, and vesting in the grantee the absolute legal estate in the premises. A trust is grafted upon the legal estate, and the trustee is authorized, for specified purposes, to make sale of the real estate. It is perfectly clear that, independent of the statute, the trustee had full power to make sale of the real estate, and the deed conveyed the legal estate to the grantee.

The deed does not purport to be an assignment under the statute. It is executed obviously for other and different purposes. The statute was designed to secure an

equal and just distribution of the estate of an insolvent debtor among his creditors, and to secure to the debtor a discharge of his debts from all the creditors who consent to receive a dividend of his property. All the provisions of the act look to this result. It is in the nature of a voluntary bankrupt law. This conveyance contemplates no such result. None of the parties so understood it. Neither the grantor nor the grantee took a step in compliance with the requirements of the statute. The wife of the grantor joined in the conveyance. It was not a mere assignment of the debtor's estate—it included that of the wife also. It provides for three objects, *viz.* 1, the payment of the debts of the grantor; 2, a provision for the wife of the grantor for life; 3, the conveyance of the residue to his children. The grantor was not insolvent at the time, nor supposed to be so. The leading design of the conveyance appears not to have been the satisfaction of creditors, but the creation of a trust for the wife and children after the debts were paid. It was rather in the nature of a post-nuptial settlement than an assignment for the benefit of creditors.

It is unnecessary to inquire whether, in case of a deficiency in the estate for the payment of debts, the grantee might have been compelled, at the instance of creditors, to proceed under the act. The debts were satisfied; there are no creditors who complain of the proceedings of the trustee : neither the grantor or his heirs, or those claiming under him, can object to the validity of the conveyance.

There is nothing in the objection that the sale was not conducted in compliance with the requirements of the assignment act.

There is a further objection to this deed involved in the offer of evidence on the part of the defendants. The defendants offered to show that all the debts of Joel Middleton subsisting at the time of the execution of the trust deed were paid by the sale of other lands by the trustee, and that the lot in question was sold for the payment of

debts subsequently incurred by Middleton. This evidence was overruled and properly so.

Admitting the fact to be as alleged, that the trustee sold the land for other purposes than those specified in the trust deed, it would not impair the legal title. The absolute legal title to the estate was vested in the trustee. He had not a mere naked common law power of sale, which expired when the object was effected for which the trust was created. As the absolute owner of the legal estate, the trustee may exercise all the powers which the legal ownership confers. The legal estate in the hands of the trustee has precisely the same properties and incidents as if the trustee were the usufructuary owner. At law it may be assigned, conveyed, or encumbered by the trustee, and the conveyance will vest in the grantee the clear legal title. *Lewin on Trusts* 242, 244, 412 ; *Hill on Trustees* 229, 278.

The evidence for the defence was therefore properly overruled. Though, in making the sale, the trustee acted in violation of his trust, the legal estate nevertheless passed by the conveyance, and vested in the grantee.

The second question certified relates to the validity of the deed made by the commissioners appointed by three judges of the Court of Common Pleas of the county of Burlington, to make partition of the real estate whereof David Claypole died seized to Samuel Shinn. The deed itself is in due form. But it is objected that there was no evidence before the court of authority in the commissioners to make the deed. The plaintiff offered only a certified copy of the report of sale by the commissioners, and the rule of court confirming the sale and ordering the conveyance to be executed. Neither the application to the judges for the partition, nor the order appointing the commissioners, nor any of the other proceedings previous to the report of sale, were in evidence. It is admitted that the certified copy of the report of sale was not competent evidence; as the law stood at the date of the report, there

was no law authorizing the report to be recorded, nor making a certified copy thereof by the clerk of the Court of Common Pleas evidence. The provision for that purpose in the existing law is of later origin. *Elmer's Dig.* 495, § 41; *Nix. Dig.* 575, § 17. The plaintiff's case, therefore, so far as it regards proof of authority to make the deed, rests upon the order of the Court of Common Pleas confirming the sale and the recitals in the deed itself. There is no other proof of the appointment of the commissioners, or of their authority to make the sale. The order itself recites the fact, that the commissioners were appointed; that they were ordered to sell the land, and that they had made report of sale, and thereupon confirms the sale as valid and effectual in law. The law does not prescribe that any of the previous proceedings shall appear of record. They are conducted before and under the authority of the judges, not of the court itself. They are not in the possession nor under the control of the court, and as the law stood at the date of their proceedings, were neither required to be filed nor recorded. The first step in the cause which brings the case within the cognizance of the court is the report of sale; and that, as we have seen, was not required to be recorded. The only record in the cause is the rule confirming the sale and ordering the conveyance to be executed. The court had jurisdiction of the subject matter. They were a court of general jurisdiction, not a tribunal constituted for a specific purpose, exercising a special delegated statutory authority. *Den* v. *Hammel*, 3 *Harr.* 73. The decree of the court will be presumed to be regular until the contrary appears. The judgment of a court of general jurisdiction cannot be inquired into collaterally. The general principal is familiar, and has been repeatedly recognised by the courts of this state. *Hartshorn* v. *Johnson*, 2 *Halst.* 108; *Den* v. *Zellers*, 2 *Halst.* 153; *Den* v. *O'Hanlon*, 1 *Zab.* 582; *Den* v. *Gaston*, 4 *Zab.* 818; *Diehl* v. *Page*, 2 *Green's Ch. Rep.* 143; *Pittinger's administrators* v. *Pittinger*, 2 *Green's Ch. Rep.* 156.

In *Runyon* v. *The Newark India Rubber Company*, 4 *Zab.* 472–6, Mr. Justice Elmer, in delivering the opinion of the court, held the doctrine applicable, in its fullest extent, to an order of the Orphans Court confirming the sale of lands made by an administrator. He said—this being the decree of a competent tribunal upon the regularity and validity of the sale, is final and conclusive when brought up collaterally. The sale was regularly confirmed by a court whose decrees are entitled to be received as valid, until they are set aside by a higher court upon an appeal, or, perhaps, by a bill in equity. The judgment of the Orphans Court, so long as it stands unimpeached, is a direct adjudication that the sale was legally made.

This principle, in its application to the order of a court confirming a sale by auditors in attachment, was fully recognised and enforced by the Supreme Court of the United States in the case of *Vorhees* v. *The Bank of the United States*, 10 *Peters* 472. Mr. Justice Baldwin, in an opinion delivered in that case, characterized by great clearness and cogency of reasoning, said, " This was the judgment of a court of competent jurisdiction in all the acts preceding the sale, affirming the validity in the same manner as their judgment had affirmed the existence of a debt. There is no principle of law better settled than that every act of a court of competent jurisdiction shall be presumed to have been rightly done till the contrary appears. This rule applies as well to every judgment or decree rendered in the various stages of their proceedings, from their initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated becomes a part of their record, which thenceforth proves itself without referring to the evidence on which it has been adjudged. In this case the court issued an order of sale agreeably to law, which having been returned by the auditors and ' being inspected, the court grant judgment of confirmation thereon.' It is, therefore, a direct adjudication that the order of sale was exe-

cuted according to law. They had undoubted authority to render such a judgment, and there is nothing on the record to show that it was not rightfully exercised. If the defendant's objections can be sustained it will be on the ground that this judgment is false, and that the order of sale was not executed according to law, because the evidence of its execution is not of record. . . . . . The defendants, in resting their case on the only position which the record leaves them, necessarily affirm the general proposition, that a sale by order of a court of competent jurisdiction may be declared a nullity in a collateral action, if their record does not show affirmitively the evidence of a compliance with the terms prescribed by law in making such sale. We cannot hesitate in giving a distinct and unqualified negative to this proposition, both on principle and authority too well and too long settled to be questioned." This opinion is quoted so fully, not only for its intrinsic value, but because it applies directly to the case under consideration, and meets all the objections which have been urged against the sufficiency of the plaintiff's evidence. Thus it is urged that there is no proof that there was any application for partition, or that the land could not be divided, or of any order for sale. But there is a recital of these facts in the order of confirmation, and an express adjudication approving the sale and directing conveyances to be executed. The approval and confirmation of the sale became a part of the record, which thenceforth proves itself without referring to the evidence on which it has been adjudged.

These principles were adopted and applied in their fullest extent in the case of *Den ex dem. Le Fiere and others* v. *Sheppard*, by the Circuit Court of the United States for this district, at April term, 1838, and must be regarded as the settled law of this state. There was competent proof of the authority of the commissioners to execute the conveyance, and the deed was properly admitted in evidence.

The Circuit Court should be advised accordingly.

CITED *in Graham* v. *Houghtaling*, 1 *Vr.* 576; *State* v. *Com. Coun. of Trenton*, 7 *Vr.* 200; *Cueman* v. *Broadnax*, 8 *Vr.* 12; *Young's adm'r* v *Rathbone*, 1 *C. E. Gr.* 227.